## LADD & a. *v.* PERLEY & a.

Several tenants in common may elect to consider their rights as an undivided share belonging to all of them, and institute a petition for partition between themselves and the other tenants in common.

PETITION FOR PARTITION. Objection, that if the petitioners are interested, they are tenants in common, not

---
Ladd *v.* Perley.
---

only with the defendants but with each other, and that they should pray partition among themselves, otherwise the defendants might be prejudiced.

*Hazelton*, for the defendants, cited *Cook* v. *Allen*, 2 Mass. 462.

*Elkins*, for the petitioners.

PARKER, C. J. The petitioners may elect to consider their several rights as tenants in common as an undivided share, belonging to all of them, for the purpose of having partition between themselves and the other tenants in common. It is not necessary that the shares of the petitioners should be divided.

Section 1, of chapter 206, Revised Statutes, enacts that "one or more persons, having or holding real estate with others, may have partition thereof in the mode hereinafter provided." The second section provides that "application may be made by such person to the superior court of judicature," &c., "by petition, in writing, particularly describing the estate of which partition is desired, names of all owners or persons interested, if known, and the share of the petitioner therein, and praying for partition thereof."

Section 1, of chapter 1, Revised Statutes, enacts that "every word importing either the singular or plural number, may extend and be applied to one or more than one person or thing."

These provisions show that the share of the petitioners may be set off, without partition among themselves, and such partition, so far from being necessarily injurious to the petitioners, may perhaps be advantageous to them.